UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Julie Leichtle, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Advantex Asset Management,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1. Julie Leichtle ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Advantex Asset Management ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed and prerecorded or artificial voice calls to wrong or reassigned cellular telephone numbers.

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing call to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

4. Additionally, upon information and belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or

1

telemarketing calls to residential telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

## Parties

5. Plaintiff is a natural person who at all relevant times resided in Coppell, Texas.

6. Defendant is a real estate marketing and lead generation business headquartered in Arlington, Texas.[1]

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and a significant portion of the events giving rise to this action occurred in this district.

9. In particular, Defendant directed its solicitation calls to Plaintiff's telephone in this district, and Plaintiff received Defendant's solicitation calls in this district.

## Factual Allegations

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(214) 766-XXXX.

11. Plaintiff uses her cellular telephone as her personal residential telephone number.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules*

---

[1] Public record searches through the Texas Secretary of State records identify Defendant as an unregistered entity.

*& Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered her cellular telephone number with the DNC Registry in March of 2013.

14. Beginning in January of 2023, and continuing on an intermittent basis, Plaintiff received at least seven calls and corresponding voicemails to her cellular telephone from (817) 601-5368.

15. Each of these calls resulted in voicemails containing an artificial or prerecorded voice recording that purported to be "John" and providing a callback number of (817) 601-5368; however, the voicemail recordings did not identify the name of the person or entity on whose behalf the call is being made.

16. The voicemails state the following with regard to an offer of foreclosure assistance services regarding Plaintiff's home:

> January 31, 2023 and June 26, 2023:
>
> Stop foreclosure and get top dollar for your house and we'll find a home for you and your family to move to. Watch a video interview of one of the top foreclosure experts with over 30 years' experience and one of DFW's top real estate agents talk about their plan and … how to help you navigate through this difficult time and ensure your success. Please text or leave a message at (817) 601-5368 so that we can get you this valuable information pack… video to you as soon as possible. Thank you and look forward to talk….[2]
>
> February 1, 2023 and June 20, 2023:
>
> Hi, I'm calling about your house. We are a veteran owned, attorney backed business with almost 50 years combined experience, and are able to stop foreclosure cold. We'd be happy to talk to you about your options whether you do business with us

---

[2] Click HERE for link to the January 31, 2023 message; click HERE for link to the June 26, 2023 message.

or not. Please call John at (817) 601-5368.[3]

June 22, 2023:

Stop foreclosure, get top dollar for your house, and find a new home for you and your family to live. No doubt you are being hounded by investors offering to buy your house and make a quick buck. We're going to find you and your family a home by going directly to mom-and-pop rental businesses to get you approved. One of the top foreclosure experts with over 30 years' experience and DFW's top real estate agent have teamed up to ensure your success in this difficult time. Please call John at (817) 601-5368.[4]

June 28, 2023 and June 29, 2023:

We're three business days away from the foreclosure trustee sale next Tuesday. We have just enough time to stop the foreclosure and get you top dollar for your house. Call now and talk to the top foreclosure expert in the area with over 30 years' experience and also one of DFW's top real estate agents. Do not delay, call or text now at (817) 601-5368. That's (817) 601-5368. Thank you and look forward to talk….[5]

17. Plaintiff did not recognize the identity of the caller(s).

18. Plaintiff did not request any services as referenced in the subject solicitation calls.

19. Plaintiff is not, and was not, interested in selling her home or foreclosure assistance.

20. Plaintiff is not, and was not, subject to any foreclosure proceedings.

21. Plaintiff is not, and was not, interested in Defendant's services or marketing.

22. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an artificial or prerecorded voice.

23. Upon information and belief, the voice of "John" in the aforementioned voicemails is that of John Culbertson, President of Defendant.

---

[3] Click HERE for link to the February 1, 2023 message; click HERE for link to the June 20, 2023 message.

[4] Click HERE for link to the June 22, 2023 message.

[5] Click HERE for link to the June 28, 2023 message; click HERE for link to the June 29, 2023 message.

24. Defendant represents through its voicemail messages left after the solicitation calls that it provides a service to stop foreclosure attempts on home residences, or to provide relocation services in the event of a foreclosure.

25. Upon information and belief, and in light of the nature and character of the calls at issue, as well as the nature and character of the materially identical voice messages at issue, Defendant used a prerecorded voice to deliver messages to Plaintiff's cellular telephone number voicemail.

26. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

27. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

28. Upon information and belief, Defendant placed its calls Plaintiff's cellular telephone number under its own free will.

29. Upon information and belief, Defendant had knowledge that it was using an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

30. Upon information and belief, Defendant intended to use an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

31. Furthermore, Defendant placed, or caused to be placed, at least two advertisement or telemarketing solicitation calls to Plaintiff's cellular telephone within a one-year period.

32. Plaintiff did not give Defendant prior express consent or prior express written consent to send voicemail messages or receive calls to her cellular telephone number.

33. The purpose of the solicitation calls at issue was to advertise and to market Defendant's business or services.

34. Plaintiff did not give Defendant prior express invitation or permission to place calls or send advertisement or marketing messaging to her cellular telephone number.

35. Plaintiff suffered actual harm as a result of the calls and voicemail messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

36. Upon information and belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

37. Upon information and belief, Defendant disregards consumers' status on the DNC Registry as a matter of practice, and additionally fails to even attempt to obtain prior express written consent to contact Plaintiff or other consumers regarding its telemarketing offerings, based on numerous complaints made by other consumers.

## Class Action Allegations

38. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Prerecorded Voice Class:**

> All persons and entities throughout the United States (1) to whom Advantex Asset Management placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Advantex Asset Management's call, (3) by using an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Advantex Asset Management delivered, or caused to be delivered, more than one solicitation call within a 12-month period, promoting Advantex Asset Management's or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Advantex Asset Management delivered, or caused to be delivered, at least two of the solicitation calls within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

6

**Sender Identification Class:**[6]

> All persons and entities throughout the United States (1) to whom Advantex Asset Management delivered, or caused to be delivered, more than one voicemail message within a 12-month period, promoting Advantex Asset Management's or its business partners' goods or services, (2) where the subject messages did not state the name of the individual caller, the name of Advantex Asset Management, and a telephone number or address at which Advantex Asset Management may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

39. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

41. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

42. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

43. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

44. Plaintiff's claims are typical of the claims of the members of the Classes.

45. As it did for all members of the Prerecorded Voice Class, Defendant used an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number.

46. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant

---

[6] The "Prerecorded Voice Class", the "Federal Do-Not-Call Registry Class", and the "Sender Identification Class" are collectively referred to as the "Classes."

placed, or caused to be placed, solicitation calls to Plaintiff's telephone number more than thirty days after Plaintiff registered her telephone number with the DNC Registry.

47. As it did for all members of the Sender Identification Class, placed, or caused to be placed, solicitation calls to Plaintiff's telephone number where the corresponding voicemail messages did not state the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted.

48. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

49. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

50. Plaintiff suffered the same injuries as the members of the Classes.

51. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

53. Plaintiff will vigorously pursue the claims of the members of the Classes.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

57. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

58. Issues of law and fact common to all members of the Classes include:

      a.      Defendant's use of an artificial or prerecorded voice in the calls and voicemails it delivers to cellular telephone numbers;

      b.      Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation calls and messages;

      c.      For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering calls and messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

      d.      For the Sender Identification Class, Defendant's practice of delivering calls and messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

      e.      Defendant's violations of the TCPA; and

      f.      The availability of statutory penalties.

59.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60.    If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

61.    The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

62.    The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

64. The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

66. There will be no extraordinary difficulty in the management of this action as a class action.

67. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of the Federal Do-Not-Call Registry Class

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent.

70. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the Prerecorded Voice Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

71. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

72. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

73. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

74. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Federal Do-Not-Call Registry Class who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

76. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and the Federal Do-Not-Call Registry Class, more than one solicitation call

in a 12-month period in violation of 47 C.F.R. § 64.1200.

77. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

### Count III
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Sender Identification Class

78. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

79. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

80. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

81. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

82. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Sender

Identification Class while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

83. Defendant therefore violated 47 U.S.C. § 227(c)(5) because of its violations of 47 C.F.R. § 64.1200(d)(4).

84. Plaintiff and the Sender Identification Class were harmed by Defendant's omission of this required information because they were (1) frustrated by their inability to identify the entity responsible for the solicitation communications at issue; (2) required to spend time attempting to identify the entity responsible for making the solicitation calls at issue; and (3) required to spend additional time investigating methods to get Defendant to stop delivering those solicitation calls.

85. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff and the Sender Identification Class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action;

    b. Designating Plaintiff as a class representative of the proposed Classes under Federal Rule of Civil Procedure 23;

    c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

    e. Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation calls and messages to telephone numbers

registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 14, 2023.

*/s/ Bryan A. Giribaldo*
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
bgiribaldo@pkglegal.com

*Counsel for Plaintiff and the proposed classes*

## CERTIFCATE OF COMPLIANCE WITH LOCAL RULE 83.10

In light of Local Rule 83.10(a), the undersigned, Bryan A. Giribaldo, Esq., certifies that he *resides* in Dallas, Texas and that his residence is located within 50 miles of the courthouse for the Dallas Division of the Northern District of Texas.

Date: September 14, 2023.          */s/ Bryan A. Giribaldo*
                                    Bryan A. Giribaldo